ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
NO. _____

DEBBIE PINKSTON, *Plaintiff*

vs. **VERIFIED COMPLAINT WITH JURY DEMAND**

CHEKPROTEKT d/b/a,
BARKLEY FINANCIAL SERVICES, *Defendant*

\* \* \* \* \*

NOW COMES Plaintiff, DEBBIE PINKSTON, by and through her attorneys, KROHN & MOSS, LTD., and for her Complaint against Defendant, CHEKPROTEKT d/b/a BARKLEY FINANCIAL SERVICES, alleges and affirmatively states as follows:

**PRELIMINARY STATEMENT**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of CHEKPROTEKT d/b/a BARKLEY FINANCIAL SERVICES, (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## THE PARTIES

4. Plaintiff is a natural person who resides in the City of Harrodsburg, Mercer County, Kentucky and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

5. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Lynwood, Snohomish County, Washington.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8.     Venue is proper in the Eastern District of Kentucky under 28 U.S.C. 1391(b)(1) because Defendant maintains a business office and conducts business there.

9.     Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## FACTUAL ALLEGATIONS

10.    Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt owed on a Juniper Mastercard.

11.    Plaintiff had an arrangement with Juniper which resulted in the debt being paid in full.

12.    Plaintiff received a bill from Mastercard in December 2008. Plaintiff called Mastercard in January 2009 whom confirmed that the account had been paid off and Plaintiff did now owe any money.

13.    Defendant purchased the debt from Mastercard and began routinely placing collection calls to Plaintiff.

14.    Defendant places collection calls to Plaintiff before 8:00 AM seeking and demanding payment.

15.    Defendant places between 6-7 collection calls every day seeking and demanding payment for the alleged consumer debt.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16.    Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs of this Complaint.

17.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a). Defendant violated the FDCPA § 1692c(a)(1) when Defendant, through its agents, employees and legal counsel, contacted Plaintiff at a time and place known to be inconvenient to Plaintiff.

b). Defendant violated the FDCPA § 1692d when Defendant, through its agents, employees and legal counsel, engaged in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

c). Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents, employees and legal counsel, placed excessive amounts of collection calls to Plaintiff and caused Plaintiff's phone to ring continuously as to annoy her.

e). Defendant violated the FDCPA § 1692e(2) when Defendant, through its agents, employees and legal counsel, misrepresented the character, amount, or legal status of the alleged debt.

f). Defendant violated the FDCPA § 1692e(10) when Defendant, through its agents, employees and legal counsel, made false representations and deceptive means to collect or obtain information about a consumer.

g). Defendant violated the FDCPA § 1692f(1) when Defendant, through its agents, employees and legal counsel, attempted to collect an amount not authorized by the agreement creating the debt or permitted by law.

31. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, and humiliation (Exhibit "A").

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    a. Declaratory judgment that Defendant's conduct violated the FDCPA.
    b. Actual damages.

  c. Statutory damages pursuant to the FDCPA 15 U.S.C. 1692k.
  d. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.
  e. Any other relief that this court deems to be just and proper.

       Respectfully Submitted,

       **KROHN & MOSS, LTD**
       120 W. Madison Street, 10th Floor
       Chicago, IL  60602
       Telephone; (312) 578-9428
       Facsimile: (866) 289-0898

    BY: /s/Lee Cassie Yates_____
       Attorney for Plaintiff

## CERTIFICATE OF SERVICE

 This is to certify that a true and correct copy of the foregoing has been electronically filed through the ECF system this the 4th day of April, which will send a notice of electronic filing to all parties' counsel in the electronic filing system in this case

       /s/Lee Cassie Yates_____
       Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

 PLEASE TAKE NOTICE that, Plaintiff, DEBBIE PINKSTON, hereby demands a trial by jury in this matter.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KENTUCKY

    Plaintiff, DEBBIE PINKSTON, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, DEBBIE PINKSTON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 3/28/2009

                                                       _Debbie Pinkston_
                                                       DEBBIE PINKSTON,
                                                       Plaintiff